

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Harris v. Supervalu Holdings

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harris v. Supervalu Holdings" (2008). *2008 Decisions.* Paper 1681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3004

_____

DANA L. HARRIS,
                                        Appellant

v.

SUPERVALU HOLDINGS-PA LLC,
d/b/a SHOP N SAVE;
ELLEN DAMICO; WENDY BELL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 06-cv-01054
(Honorable Arthur J. Schwab)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2008
Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: January 29, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

    Dana Harris, proceeding pro se, appeals an order of the United States District

Court for the Western District of Pennsylvania granting summary judgment in favor of

the defendants in her employment discrimination action.  We will affirm.

Harris, who is Muslim, claimed that Supervalu Holdings, Ellen Damico, and Wendy Bell violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., by terminating her training for a Customer Service Manager/Person-in-Charge position in 2005 based on her religion. The record reflects that Harris began working at Supervalu Holdings' East Village Shop N Save Store as a cashier in February 2005. Damico, a Front End Manager who was temporarily working at the East Village location, supervised Harris until May 2005. Bell, another Front End Manager, supervised Harris until the store closed in September 2006. In addition to cashiers, non-supervisory front end employees included baggers and employees working at the Customer Service Center. Cashiers and employees working at the Customer Service Center had different assigned duties, but their wages, benefits, and terms of employment were the same.

Although Harris alleged that she was placed in training for a Customer Service Manager/Person-in-Charge position, the defendants established that there was no Customer Service Manager position at the East Village store. A Person-in-Charge ("PIC") was an employee working at the Customer Service Center who performed additional duties in the absence of the Front End Manager. A PIC did not receive additional compensation, benefits, or privileges, and Supervalu did not consider such a designation to be a promotion. Harris testified that she was designated a PIC in July 2006. See Supp. App. at 104-05, 111-12, 117-18, 121.

The District Court granted summary judgment for the defendants, holding that Harris failed to establish a prima facie case of religious discrimination. The District

2

Court determined that Harris did not suffer an adverse employment action, even if she was removed from training for a PIC position in 2005, because there was no change in the terms or conditions of her employment. The District Court also found no evidence showing that non-Muslim employees were treated more favorably. This appeal followed. Our standard of review is plenary. Shelton v. Univ. of Med. and Dentistry of N.J., 233 F.3d 220, 224 (3d Cir. 2000).

Employees may assert two theories of religious discrimination – disparate treatment and a failure to accommodate. Abramson v. William Patterson College of N.J., 260 F.3d 265, 281 (3d Cir. 2001). Harris asserts disparate treatment. The McDonnell Douglas[1] burden-shifting framework applies to a claim under this theory, and Harris was required to establish a prima facie case of discrimination by showing that she is a member of a protected class, that she was qualified and rejected for the position she sought, and that nonmembers of the protected class were treated more favorably. Abramson, 260 F.3d at 281. In order to be entitled to relief, Harris must have suffered an adverse employment action. Storey v. Burns Int'l Security Serv., 390 F.3d 760, 764 (3d Cir. 2004).

We agree with the District Court that, even if Harris can show that she was removed from training to become a PIC, there is no evidence showing that Harris suffered an adverse employment action. While the name "PIC" may suggest that the position is

---

[1]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

higher in the hierarchy of jobs than that of a regular Customer Service Desk employee, the record establishes only that a PIC would be assigned additional duties in a Front End Manager's absence. A PIC has the same terms, conditions, and privileges of employment as other front end employees, and there is no evidence demonstrating that a PIC had any greater employment opportunities with Supervalu or received any other benefit from the PIC designation. We also agree with the District Court that there is no evidence showing that non-Muslims were treated more favorably. Because Harris did not point to sufficient cognizable evidence to create material issues of fact concerning the elements as to which she will bear the burden of proof at trial, the District Court did not err in granting summary judgment in favor of the defendants. <u>Fuentes v. Perskie</u>, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

Accordingly, we shall affirm the judgment of the District Court.[2]

---

[2]Although the defendants' summary judgment motion did not address Harris' additional allegation that Damico denied her request to pray during a scheduled break, Harris testified at her deposition that her claim was limited to the termination of her training for a Customer Service Manager/Person-in-Charge position.